IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JENNIFER KIRK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-571-NJR-PMF |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on the Motion to Dismiss filed by the United States Department of Justice (the "DOJ") (Doc. 11). For the reasons set forth below, the motion is granted.

### BACKGROUND

Jennifer Kirk was the owner and executive of telemarketing companies that defrauded thousands of timeshare owners out of upwards of $20 million. The United States Attorney for the Southern District of Illinois ("the prosecutor") charged Ms. Kirk by Information with one count of conspiracy to commit mail and wire fraud, to which she pleaded guilty. *United States v. Jennifer Kirk*, SDIL Criminal Case No. 11-cr-30093-1, Doc. 6. She was sentenced on January 9, 2012, by District Judge G. Patrick Murphy, to 188 months' imprisonment. *Id.* at Docs. 29, 33. Less than one month later, the prosecutor moved to reduce her sentence under Rule 35 of the Federal Rules of Criminal Procedure based on her substantial assistance. *Id.* at Doc. 35. The prosecutor asked for a 69-month

reduction (36.7%), while Ms. Kirk contended that she deserved a 98-month reduction (52%). *Id.* at Docs. 35, 39. Judge Murphy essentially split the difference and reduced Ms. Kirk's sentence by 78 months (41.5%) from 188 months to 110 months. *Id.* at Doc. 47.

Following her sentence reduction, Ms. Kirk continued to assist the prosecutor, for which Ms. Kirk believes she should have received another sentence reduction. But the prosecutor declined to file a second Rule 35(b) motion. Unhappy with that decision, Ms. Kirk filed this civil action alleging the prosecutor's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and seeking judicial review of the decision under the Administrative Procedures Act, 5 U.S.C. §§ 701–706 ("the APA") (Doc. 1). The DOJ responded to the Complaint by filing a motion arguing that this case must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because judicial review under the APA is unavailable in this matter (Doc. 11). Ms. Kirk filed a response in opposition to the motion to dismiss (Doc. 14), to which the DOJ filed a reply (Doc. 15).

## Discussion

A motion to dismiss claims asserted under the APA on the grounds that judicial review is unavailable is appropriately analyzed under the familiar standard of Rule 12(b)(6). *See DeLuca v. Lariva*, 586 F. App'x 239, 241 (7th Cir. 2014) ("The problem with challenges to unreviewable agency decisions, therefore, is not that federal courts lack the power to hear them, but that any such suit necessarily fails to state a claim for relief."); *Sierra Club v. Jackson*, 648 F.3d 848, 854 (D.C. Cir. 2011) ("[W]e conclude that a complaint seeking review of agency action 'committed to agency discretion by law,' 5

U.S.C. § 701(a)(2), has failed to state a claim under the APA, and therefore should be dismissed under Rule 12(b)(6), not under the jurisdictional provision of Rule 12(b)(1).")

The purpose of a motion to dismiss under Rule 12(b)(6) is to address the legal sufficiency of the plaintiff's claim for relief. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, "the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a claim upon which relief may be granted is dependent upon the context of the case and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Camasta*, 761 F.3d at 736 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009)).

Under the APA, parties who are adversely affected by an agency action are entitled to seek judicial review of that action. 5 U.S.C. § 702. There is a strong presumption that agency action is judicially reviewable. *Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645, 1651 (2015) ("Congress rarely intends to prevent courts from enforcing its directives to federal agencies" and thus there is a "strong presumption favoring judicial review of administrative action." (citation omitted)). Here, there is no dispute that the Department of Justice is an "agency" within the meaning of the APA. *See* 5 U.S.C. 701(b)(1) (an agency is "each authority of the Government of the United States"). Therefore, the actions of the DOJ, and the prosecutors within that agency, are presumptively amenable to review under the APA. The DOJ argues, however, that

judicial review under the APA is unavailable in this case and therefore the case must be dismissed (Doc. 11).

The DOJ first argues that a habeas petition under 28 U.S.C. § 2255, not an action under the APA, is the proper mechanism for challenging a prosecutor's decision not to move for a sentence reduction under Rule 35(b) (Doc. 11, p. 5). The Court agrees because, on more than one occasion, the Seventh Circuit has endorsed § 2255 as the proper vehicle for bringing such a challenge. *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013); *United States v. Richardson,* 558 F.3d 680 (7th Cir.2009). Because Ms. Kirk has another remedy available, she is precluded from seeking relief under the APA because judicial review of an agency action under the APA is only available if "there is no other adequate remedy in a court." 5 U.S.C. § 704.

Assuming for the sake of argument that Ms. Kirk had no other available remedy and she had to bring her challenge under the APA, the DOJ argues that judicial review is still unavailable because a prosecutor's decision whether to move for a Rule 35(b) reduction is discretionary, and § 701(a)(2) of the APA expressly precludes judicial review of agency actions that are "committed to agency discretion by law" (Doc. 11, pp. 6–10). 5 U.S.C. § 701(a)(2). Again, the Court agrees with the DOJ.

The "committed to agency discretion" exception to the presumption of reviewability is "very narrow," and it applies only "in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply," or when "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Citizens to Pres. Overton Park, Inc. v.*

*Volpe,* 401 U.S. 402, 410 (1971) (quotation marks and citations omitted); *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). "Agency actions in these circumstances are unreviewable because 'the courts have no legal norms pursuant to which to evaluate the challenged action, and thus no concrete limitations to impose on the agency's exercise of discretion.'" *Sierra Club v. Jackson*, 648 F.3d 848, 855 (D.C. Cir. 2011) (quoting *Sec'y of Labor v. Twentymile Coal Co.,* 456 F.3d 151, 156 (D.C. Cir. 2006)). To determine whether a matter has been committed solely to agency discretion, the court should carefully analyze the statutory language, the statutory structure, the legislative history, and the nature of the agency action. *Home Builders Ass'n of Greater Chicago v. U.S. Army Corps of Engineers*, 335 F.3d 607, 615 (7th Cir. 2003) (citing *Singh v. Moyer,* 867 F.2d 1035, 1038 (7th Cir.1989)).

As previously mentioned, the agency action at issue is the United States Attorney's decision not to seek a further reduction of Jennifer Kirk's sentence under Rule 35(b). It is well-settled that the decision to initiate criminal proceedings, as well as decisions made in the course of conducting those proceedings, generally rest entirely within the prosecutor's discretion. *See, e.g., Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978); *Wayte v. United States*, 470 U.S. 598, 607, 105 S. Ct. 1524, 1530, 84 L. Ed. 2d 547 (1985); *United States v. Armstrong,* 517 U.S. 456, 464 (1996). It is equally well-settled that this broad prosecutorial discretion encompasses the decision whether to request a sentence reduction for a particular criminal defendant.[1] *Wade v.*

---

[1] That is irrefutably true in cases like this where the terms of the plea agreement give the Government sole discretion in deciding whether to request a sentence reduction. *See United States v. Jennifer Kirk*, SDIL Criminal Case No. 11-cr-30093-1, Doc. 6, p. 9 ("[T]he Government may, in the sole discretion of the

*United States,* 504 U.S. 181, 185 (1992) (The Government has "a power, not a duty, to file a motion when a defendant has substantially assisted."); *United States v. Davis*, 714 F.3d 474, 476 (7th Cir. 2013) (Government has "wide latitude in requesting a sentence reduction"); *Murphy v. United States*, 634 F.3d 1303, 1313 (11th Cir. 2011) (Government has "virtually unfettered discretion" in deciding whether to request a sentence reduction); *United States v. Mulero-Algarin*, 535 F.3d 34, 38 (1st Cir. 2008) (Government has "ample discretion" in deciding whether to request a sentence reduction). And it has long been held that decisions made in the exercise of prosecutorial discretion are presumptively unreviewable by courts. *See, e.g., Chaney*, 470 U.S. at 831, 832 (holding that agency's decision whether to institute enforcement action—which is comparable to the exercise of prosecutorial discretion in the criminal context—is "generally committed to an agency's absolute discretion" and therefore is "presumed immune from judicial review"); *Wayte,* 470 U.S. at 607 ("In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute . . . [which] rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review."); *In re Sealed Case,* 131 F.3d 208, 214 (D.C. Cir. 1997) ("In the ordinary case, the exercise of prosecutorial discretion, at the very core of the executive function, has long been held presumptively unreviewable.").

It follows then, that the United States Attorney acted squarely within the boundaries of his prosecutorial discretion in deciding not to request a second sentence reduction for Ms. Kirk, and that decision is presumptively unreviewable by this Court.

---

United States Attorney, file a motion under § 5k1.1 of the Sentencing Guidelines and/or a motion under Rule 35 of the Federal Rules of Criminal Procedure . . . .")

That presumption can be rebutted by arguing, for example, that the prosecutor's decision not to move for a second sentence reduction was deliberately based on an unconstitutional motive, such as race or religion, or for a reason not rationally related to a legitimate government objective. *See Wade,* 504 U.S. at 185–86; *United States v. Miller,* 458 F.3d 603, 605 (7th Cir. 2006). But Ms. Kirk did not make this argument, and the Complaint does not contain any allegations that suggest it might be true (*see* Docs. 1, 14).[2]

The presumption that prosecutorial decisions are unreviewable can also be rebutted by showing that the applicable statute(s), along with other relevant materials, provide guidelines for the prosecutors to follow in making their decisions or otherwise provide a standard to guide the court in reviewing those decisions. *See Chaney*, 470 U.S. at 832–33. Here, the Court is unaware of any standards constraining a prosecutor's exercise of discretion when it comes to requesting sentence reductions. The pertinent statutory authority simply provides, without elaboration, that an imposed term of imprisonment can be reduced under Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). And Rule 35 authorizes a district court to reduce a defendant's sentence to reward him for his substantial assistance only "[u]pon the government's motion." FED. R. CRIM. P. 35(b). Neither the statute nor the Rule provide any concrete limitations on, or a standard against which to judge, the prosecutor's decision-making.

---

[2] Even if Ms. Kirk had made this argument, it is unlikely to have gone very far. The relevant documents in Kirk's criminal case do not reveal any hint of prosecutorial misconduct, and they demonstrate that the prosecutor had legitimate reasons for not wanting to reduce Ms. Kirk's sentence any further. *See United States v. Jennifer Kirk*, SDIL Criminal Case No. 11-cr-30093-1, Docs. 35, 44, 55).

Ms. Kirk attempts to overcome this by arguing that the standard comes from "decisions of the Seventh Circuit, the Advisory Committee notes to Fed. R. Crim. P. 35, and the DOJ's practices for handling substantial assistance motion[s]" (Doc. 14, p. 6). She cites to *United States v. Shelby*, 584 F.3d 743, 745 (7th Cir. 2009), in which the Seventh Circuit explained that Rule 35(b) is intended to "facilitate law enforcement by enabling the government to elicit valuable assistance from a criminal defendant . . . after he was sentenced . . . by asking the sentencing judge to reduce the defendant's sentence as compensation for the assistance that he provided." (Doc. 14 at pp. 6–7). She also cites to Rule 35's Advisory Committee Note, which states that "Rule 35(b) . . . reflects a method by which the government may obtain valuable assistance from defendants in return for an agreement to file a motion to reduce the sentence . . . ." (Doc. 14 at p. 7). Finally, she claims that she will "show that it is DOJ's practice to move for Rule 35(b) relief—more than once sometimes—for defendants who substantially assist the Government" (Doc. 14, at p. 7).

Ms. Kirk simply reiterated that a sentence reduction under Rule 35(b) is a tool prosecutors can use to elicit valuable information from criminal defendants. Nothing that she brought up describes any guidelines for the prosecutors to follow in deciding whether to request a sentence reduction or otherwise provides a standard to guide the court in reviewing those decisions.

For these reasons, the Court concludes that the prosecutor's decision not to request a second sentence reduction for Ms. Kirk is judicially unreviewable under the APA.

## CONCLUSION

The Motion to Dismiss filed by the United States Department of Justice (Doc. 11) is **GRANTED**. This matter is **DISMISSED** with prejudice, and judgment will be entered accordingly.

**IT IS SO ORDERED.**

**DATED:  April 29, 2016**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
